UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JARRED DONALD,

    Petitioner,

v.                                                    Case No. 8:05-cv-364-T-23TBM

SECRETARY, Department of Corrections,

    Respondent.
_____/

## **O R D E R**

Donald petitions for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and challenges his convictions for loitering and prowling, to which he pleaded guilty and was sentenced to sixty days jail, and felonious possession of a firearm, for which conviction Donald serves fifteen years. Numerous exhibits ("Respondent's Exhibit __") support the response (Doc. 6). The respondent admits the petition's timeliness (Response at 5 Doc. 6).

## **FACTS**[1]

On January 10, 2002, about 10:00 p.m., Donald was in a motor vehicle described as a late model Ford Expedition, light gold in color. The vehicle reportedly contained four individuals. Donald was a passenger in right front seat. Two residents of an apartment complex were outside when they observed a gold-colored Ford Expedition drive by slowly several times, circling the area. They recognized the vehicle, or it looked

---

[1] This summary of the facts derives from the prosecutor's factual basis at Donald's guilty plea hearing (Respondent's Exhibit 14, vol. I, at 124-27).

similar to a vehicle, as the one previously used in a robbery at the Winn Dixie across the street from the apartments.  The witnesses saw the vehicle park and two of the occupants exit the vehicle and approach the Winn Dixie.  Both individuals wore ski masks and gloves.  Both individuals returned to the vehicle before entering the Winn Dixie.  Recognizing that this was very unusual for law abiding people to act in such a manner at night, one of the witnesses contacted the manager of the Winn Dixie.  The vehicle left the premises and headed north on Highland Avenue.  Police officers found the vehicle less than half-a-mile away at a gasoline station.  As they approached the vehicle, the police officers saw a furtive movement in the back seat, specifically somebody "ducking down."  The two witnesses were transported to the gasoline station where they identified the vehicle.  One of the occupants wore clothing similar to the description provided by the witnesses regarding the individuals wearing the ski masks.  While searching the vehicle the officers found a loaded Taurus .38 caliber firearm in the back center console seat, several sets of gloves, a bag containing a bandanna and duct tape, and two ski masks.  The occupants of the vehicle could not or would not reasonably explain either their actions (circling the Winn Dixie before approaching but not entering the store) or the items discovered in the vehicle.

## **STANDARD OF REVIEW**

The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), governs this proceeding.  Wilcox v. Florida Dep't of Corrections, 158 F.3d 1209, 1210 (11th Cir. 1998), cert. denied, 531 U.S. 840 (2000).  Section 2254(d), which creates a highly

deferential standard for federal court review of a state court adjudication, states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

In Williams v. Taylor, 529 U.S. 362, 412-13 (2000), the Supreme Court interpreted this deferential standard:

> In sum, § 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied--the state-court adjudication resulted in a decision that (1) "was contrary to . . . clearly established Federal Law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of . . . clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

"The focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, . . . an unreasonable application is different from an incorrect one." Bell v. Cone, 535 U.S. 685, 694 (2002); Brown v. Head, 272 F.3d

1308, 1313 (11th Cir. 2001) ("It is the objective reasonableness, not the correctness per se, of the state court decision that we are to decide.").

The state appellate court affirmed (Respondent's Exhibit 4) Donald's convictions and sentences on direct appeal in a per curiam decision without a written opinion, and likewise affirmed (Respondent's Exhibit 12) the denial of his subsequent Rule 3.850 motion for post-conviction relief. The state appellate court's per curiam affirmances warrant deference under Section 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." Wright v. Moore, 278 F.3d 1245, 1254 (11th Cir.), reh'g and reh'g en banc denied, 278 F.3d 1245 (2002), cert. denied sub nom Wright v. Crosby, 538 U.S. 906 (2003).

Donald bears the burden of overcoming a state court factual determination by clear and convincing evidence. "[A] determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1). This presumption of correctness applies only to a finding of fact, not a mixed determination of law and fact. Parker v. Head, 244 F.3d 831, 836 (11th Cir.), cert. denied, 534 U.S. 1046 (2001). Consequently, this court must defer to the finding of fact in the state court's rejecting (Order Denying Motion for Post-Conviction Relief, Respondent's Exhibits 9 and 11) Donald's post-conviction claims of ineffective assistance of counsel, the same claims asserted in Donald's federal petition.

### **INEFFECTIVE ASSISTANCE OF COUNSEL**

Donald claims ineffective assistance of counsel, a difficult claim to sustain. "[T]he cases in which habeas petitioners can properly prevail on the ground of ineffective

- 4 -

assistance of counsel are few and far between." Waters v. Thomas, 46 F.3d 1506, 1511 (11th Cir. 1995) (en banc) (quoting Rogers v. Zant, 13 F.3d 384, 386 (11th Cir. 1994)).

Strickland v. Washington, 466 U.S. 668 (1984), governs an ineffective assistance of counsel claim:

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to Strickland, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Strickland, 466 U.S. at 687, 104 S.Ct. 2052.

Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998).

Strickland requires proof of both deficient performance and consequent prejudice. Strickland v. Washington, 466 U.S. at 697 ("There is no reason for a court deciding an ineffective assistance claim . . . to address both components of the inquiry if the defendant makes an insufficient showing on one."); Sims v. Singletary, 155 F.3d at 1305 ("When applying Strickland, we are free to dispose of ineffectiveness claims on either of its two grounds."). "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland v. Washington, 466 U.S. at 690. "[A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Strickland v. Washington, 466 U.S. at 690. Strickland requires that "in light of all the circumstances,

the identified acts or omissions were outside the wide range of professionally competent assistance."  Strickland v. Washington, 466 U.S. at 690.

Because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment," Donald must demonstrate that error by counsel prejudiced the defense.  Strickland v. Washington, 466 U.S. at 691-92.  To meet this burden, Donald must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome."  Strickland v. Washington, 466 U.S. at 694.

Strickland cautions that "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Strickland v. Washington, 466 U.S. at 690-91.  Donald cannot meet his burden merely by showing that the avenue chosen by counsel proved unsuccessful:

> The test has nothing to do with what the best lawyers would have done.
> Nor is the test even what most good lawyers would have done.  We ask
> only whether some reasonable lawyer at the trial could have acted, in the
> circumstances, as defense counsel acted at trial. . . .  We are not interested
> in grading lawyers' performances; we are interested in whether the
> adversarial process at trial, in fact, worked adequately.

White v. Singletary, 972 F.2d 1218, 1220-21 (11th Cir. 1992).  Accord Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) ("To state the obvious:  the trial lawyers, in every case, could have done something more or something different.  So, omissions are inevitable. . . .  [T]he issue is not what is possible or 'what is prudent or appropriate, but

- 6 -

only what is constitutionally compelled.' ") (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)). See also Jones v. Barnes, 463 U.S. 745, 751 (1983) (counsel has no duty to raise a frivolous claim).

Donald must prove that the state court's decision was "(1) . . . contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States or (2) . . . based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

The state court conducted an evidentiary hearing and denied the claims of ineffective assistance of counsel as follows:

> To sustain an ineffective assistance claim, a defendant must show deficient performance and personal prejudice as originally articulated in Strickland v. Washington, 466 U.S. 668, 687, 694, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Both the performance and prejudice components must be satisfied. In the event a defendant fails to satisfy one component, the inquiry ends, and the reviewing court need not determine if the defendant satisfied the other. See Maxwell v. Wainwright, 490 So. 2d 927 (Fla. 1986).

Respondent's Exhibit 11 at 2. Because the state court correctly recognized that Strickland governs each claim of ineffective assistance of counsel, Donald cannot meet the "contrary to" test in Section 2254(d)(1). Donald instead must show that the state court unreasonably applied Strickland or unreasonably determined the facts.

Grounds One, Two, and Three

Donald alleges that his guilty plea to loitering and prowling was involuntary (ground one) and counsel was ineffective for not knowing the law (ground two) because

counsel erroneously advised Donald that, by pleading guilty, the prosecutor could not use those charges during the trial for the charge of feloniously possessing a firearm. Also, Donald alleges that trial counsel was ineffective for not advising him that probable cause to arrest was lacking because the misdemeanor offense was not observed by the police officers (ground three). Donald claims that each alleged error caused him to plead guilty and, as a consequence, he requests leave to withdraw his guilty plea to the loitering and prowling charge.

Donald was sentenced to sixty days in the county jail with credit for time served. Because his sentence expired before commencing this federal action nearly three year later, Donald cannot challenge the validity of his guilty plea. Maleng v. Cook, 490 U.S. 488, 491 (1989) ("We have never held, however, that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has *fully expired* at the time his petition is filed.") (emphasis original).

Grounds Four and Five

Both grounds challenge the validity of the firearm conviction. Donald alleges that trial counsel was ineffective for not (a) seeking to suppress both the witness identification and Donald's subsequent statements because of the illegality of the stop and arrest (ground four), and (b) arguing the absence of probable cause to charge Donald with possession of the firearm, which was found concealed in an armrest in the back seat whereas Donald was seated in the front seat. The state court rejected this claim as follows (Respondent's Exhibit 11 at 3):

> Claims two through five all involve allegations of ineffective assistance of counsel with regard to the manner in which counsel handled the defense of and the ultimate plea of guilty to the loitering and prowling charge. With

regard to these claims, the State Attorney's argument in its response to the Court's order to show cause is well taken. State v. Cortez, 705 So.2d 676 (Fla. 3rd DCA 1998) (warrantless arrest for loitering and prowling proper where suspects would have escaped if officers had left to obtain warrant) provides useful analysis. The Court finds that the facts of the instant case are similar enough to those of Cortez to support the application of Fla. Stat. §856.031. Therefore, there was no deficient performance as required by Strickland and these claims are denied.

The stop, arrest, and search were legal because state law exempts loitering and prowling from the general rule that a police offer can arrest for a misdemeanor only if committed in his presence. Consequently, the state court correctly rejected ground four's challenge to the legality of the stop, arrest, and search. Testimony established (Respondent's Exhibit 14, vol. II at 201-02) that Donald admitted to the police officers during the arrest both that a gun was inside the car and that his fingerprints were probably on the gun even though the gun was not his.[2] Consequently, the state court correctly rejected ground five because the evidence proved Donald possessed the firearm.[3]

Ground Six

Ground six relies on a co-defendant's affidavit provided to Donald after trial in which the co-defendant claims that he possessed the firearm and not Donald. Donald argues that this newly discovered evidence proves his innocence of the firearm charge. The state court rejected this claim as follows (Respondent's Exhibit 9 at 3-4):

> The Defendant moves this Court to grant relief based on an affidavit from one of his codefendants, Antonio McCall, attached to his motion. In his

---

[2] Evidence technicians were unable to lift any fingerprints from the firearm.

[3] Donald's statements in effect admits both that he constructively possessed the firearm in the vehicle and that he actually possessed the firearm at some point.

- 9 -

> affidavit, McCall appears to acknowledge guilt of the firearm charge. The test for considering a motion for postconviction relief in the newly discovered evidence context has two aspects. First, the evidence "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that the defendant or his counsel could not have known of it by use of due diligence." Jones v. State, 709 So.2d 512, 521 (Fla. 1998) ("Jones I"), citing Torres-Arboleda v. Dugger, 636 So.2d 1321, 1324-25 (Fla. 1994). Second, the newly discovered evidence "must be of such nature that it would probably produce an acquittal on retrial." Jones v. State, 591 So.2d 911 (Fla. 1991) ("Jones II"). The analysis of the second prong includes consideration of admissibility of the evidence in question and whether it goes to the merits or is impeachment evidence. Id.
>
> The affidavit appended to the Defendant's motion fails to meet the burdens set forth in either Jones I or Jones II. As an initial matter, a review of the record reveals that the State's theory of the case was constructive possession, indicating that both the Defendant and Mr. McCall could have possessed the firearm as required for prosecution. Antonio McCall's affidavit does not militate against the proposition that both he and the Defendant possessed the gun. Therefore, this claim is denied.

The state court correctly rejected Donald's claim of newly discovered evidence because the affidavit offers no preclusion against Donald constructively possessing the firearm in the vehicle. Moreover, Donald's admitting to having actually possessed the firearm at some point (his admission that the police would probably find his fingerprints on the firearm) means that the evidence in the affidavit would not "probably produce an acquittal on retrial."

Accordingly, Donald's petition for the writ of habeas corpus (Doc. 1) is **DENIED**. The clerk shall enter a judgment against Donald and close this case.

ORDERED in Tampa, Florida, on January 30, 2009.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE